UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kamrul HASAN,<br><br>                                    Petitioner,<br><br>v.<br><br>WARDEN of Otay Mesa Detention Center, et al.,<br><br>                                    Respondents. | Case No.:  26-cv-1025-AGS-BJW<br><br>**ORDER REQUIRING RETURN** |

Self-represented petitioner Kamrul Hasan seeks a writ of habeas corpus under 28 U.S.C. § 2241 to free him from immigration detention. At this stage, he need only make out a claim that is sufficiently cognizable to warrant an answer or return. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id*., Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

Hasan is a noncitizen from Bangladesh, seeking asylum after being "threatened by the Bangladesh government [] for his political beliefs." (ECF 1, at 7.) He asserts that he "entered [the United States] without inspection" and "was not apprehended upon arrival." (*Id*. at 3.) The exact details of petitioner's claim are murky: he alleges both that he entered "over 2 years ago" (*id*. at 3) and that he entered "on December 3, 2024," (*id*. at 7.). He also alleges both that he "was not apprehended upon arrival" and that he has been "incarcerated" since he "entered the United States." (*Id*. at 3, 7.)  Petitioner seems to assert two separate

challenges. First, he asserts that he is being detained unlawfully because "the mandatory[] detention provision of [8 U.S.C.] § 1225(b)(2) does not apply to people like [p]etitioner" (*id*. at 10), and his detention is instead governed by "8 U.S.C. § 1226(a)" (*id*. at 4). Thus, he is "seek[ing] enforcement of [his] rights [a] as member[] of the Bond Denial Class certified in *Maldonado Bautista*." (*Id*. at 2); *see Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025) (holding that "all members of the Bond Eligible Class," including "[a]ll noncitizens . . . who [] have entered [] without inspection," are "entitled to . . . declaratory relief" directing a bond hearing under § 1226(a)). Second, he seems to assert that, even if his detention is governed by § 1225, "[d]ue process requires that the government provide bond hearings to noncitizens facing prolonged detention." (*Id*. at 11.) Because he's been detained for "fourteen months," he claims, his detention has been sufficiently prolonged as to violate his "due process" rights. (*Id*. at 2, 11.)

Though it is not a model of clarity, this challenge merits a response. The two Courts of Appeals to address the first question, regarding the difference between § 1225 and § 1226, disagreed about how to interpret the issue. *Compare Castañon-Nava v. United States Dep't of Homeland Sec.*, 161 F.4th 1048, 1060, 1062 (7th Cir. 2025) (concluding "on this preliminary [motion-to-stay] record" that plaintiffs who are "unlawfully already in the United States" are not "subject to mandatory detention under § 1225(b)(2)(A)"), *with Buenrostro-Mendez v. Bondi*, No. 25-20496, __ F.4th ___, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026) (holding that, under § 1225(b)(2)(A), petitioners who entered the United States "illegally many years ago" must "be detained" without a bond hearing). But most petitioners have nonetheless obtained habeas relief in functionally identical cases. *See, e.g.*, *Barco Mercado v. Francis*, ___ F. Supp. 3d. ___, No. 25-cv-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (noting that, in "350" of the "362" opinions to address this issue, the petitioners "prevailed, either on a preliminary or final basis," and these cases were "decided by over 160 different judges sitting in about fifty different courts").

26-cv-1025-AGS-BJW

And, in the alternative, some courts have concluded that prolonged detention for arriving aliens under 8 U.S.C. § 1225(b) can violate due process, so that claim is also not frivolous or incredible. *See, e.g.*, *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020) ("[T]he Court joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process.").

Thus, the government must respond. By **March 9, 2026**, respondents must answer the petition. Petitioner may reply by **March 16, 2026**. The Court will hold oral argument on **March 26, 2026, 11:00 a.m.**

Dated:  March 2, 2026

_____

Hon. Andrew G. Schopler
United States District Judge

3

26-cv-1025-AGS-BJW